CALVIN SMITH, appellant, *vs.* SAMUEL W. KEYES, appellee.

*Franklin,*
January,
1827.

The condition of a recognizance for the prosecution of a writ of error, is satisfied, by a reversal of
the judgment complained of as erroneous. And it matters not, though the defendant in error again
recover on the original action, and suffer damage by the delay consequent upon the writ of error.

*SCIRE FACIAS* upon a recognizance, for the prosecution of
a writ of error.

After argument by the counsel for the plaintiff,

. HUTCHINSON, J. delivered the opinion of the Court, prefaced
by a statement of the case, as follows :—

It appears, by the pleadings in this case, that the plaintiff,
some years since, recovered a judgment in the county court in
this county, against one *Page*, for $27,40 damages, and $63,12
cost. That *Page* brought his writ of error before the Supreme
Court, for the purpose of reversing that judgment. That on the
allowance of that writ of error, the defendant became bail to the
plaintiff, in the sum of two hundred dollars, in the form pre-
scribed by law, for the prosecution of the said writ of error.
That on a hearing upon the merits of said writ of error, before
the Supreme Court, the judgment of the county court was re-
versed, but upon a point, which did not put the controversy
between the original parties at rest, but opened the original ac-
tion for another trial. In the general transfer of all jury trials
to the several county courts, that action passed with the others,
and there received a final trial, in which the plaintiff again re-
covered a verdict and judgment, for $18 damages, and his cost,
taxed at $131,88. The present action is a *scire facias*, brought
by the plaintiff, *Smith*, against *Keyes*, the bail, for the prosecu-
tion of the writ of error, averring that it was not prosecuted to
effect, but the action sent to the county court, where the plain-
tiff recovered, as herein already mentioned.

A trial was had at the county court, upon an issue to the
court, decided upon the inspection of the records, and thus as-
certaining the chief point in dispute, to wit, whether the writ
of error had been prosecuted to effect, according to the condi-
tion of the defendant's recognizance. From the judgment of
the county court an appeal has been taken to this Court, and
we are now called upon to decide the same question.

The counsel for the defendant, *Keyes*, have contented them-
selves with merely stating the case, and expressing their confi-
dence, that the case shows a fulfillment of the condition of the
recognizance now in suit ; while the counsel for the plaintiff
has ingeniously argued, that the prosecuting the writ of error
to such effect as to produce a new trial in the action, is no com-
pliance with the condition of the recognizance, without also
producing a decision for the plaintiff in error, at the final trial
of the original action.

As far as any direction is given by the statute, for the import
of this recognizance, it is this: "That the plaintiff in error

*Franklin,*
January,
1827.

Smith
*vs.*
Keyes.

shall prosecute his writ to effect, and answer all damages and costs, if he fail to make his plea good." What does make good the plea 'of the plaintiff in error? or what is his plea or his complaint? for that is intended by plea. It is no more nor less than this, that the defendant in error has obtained a judgment, which, for various irregularities which he states, is erroneous and wrong, and prays that the same may be reversed and holden for nought, &c. He succeeds in obtaining this object. The judgment is reversed, and becomes nought, and can never more be treated as a judgment, let what will become of the original action. Should there afterwards be a judgment in favour of the same party, and even for the same sum, it will not be the same judgment, nor will it, on that account, be the less true, that the plaintiff in error has prosecuted his writ to effect.

It is urged, that damages arise by the delay of collection, and after expenditures in the action, that will be lost upon this construction of the recognizance in point of its extent. This is undoubtedly true, and the Legislature might make provision to meet the case. They might provide by law, that the recognizance shall contain a further provision, "that, in case the same party shall again recover in the original action, upon a final trial of the same, the plaintiff in error shall pay and satisfy the same." Or they might add any other provision. But the Court are not authorized to construe that to be within the recognizance, which is in no sense within it, in order to avoid a failure of justice. If it would be just that the defendant in error should be remunerated for certain expenditures, which have in some sense been a consequence of the writ of error, yet it would not be just to award this against the present defendant, if he has never undertaken to pay the same. The present plaintiff may have sustained a loss, pending this writ of error, in the change of circumstances of his debtor, or the bail of his debtor; but the present defendant can be holden for it upon his recognizance, only in the event of an affirmance of the first judgment. But one difficulty that is urged by the plaintiff's counsel is removed, by the practice of the Supreme Court, in their disposal of actions after a new trial granted by the decision of a writ of error. It is urged, that the party is out of Court, and not subject to the order of Court with respect to additional bail. The Supreme Court, after reversal, have considered the original action before them as if it had come up by appeal, and make therein the same orders upon either party, for additional bail. And this will be the course of the county courts, when such actions are remanded to them, for trial by jury.

As the Court are of opinion, in the present case, that the writ of error was prosecuted to effect, within the true intent of the recognizance, judgment must be entered for the defendant.

*Oliver Smith,* counsel for the plaintiff.

*L. B. Hunt, Benj. Swift* and *J. Smith,* for the defendant.